## Wieder, Appellant, *v.* Bethlehem Steel Company.

*Negligence—Action against wrong party—Corporations—Lease.*

An action of tort can only be brought against the person who committed it. The fact that there is an agreement to indemnify against liability for the commission of torts does not change the legal requirement that suit must be brought against the wrongdoer.

Prior to May 1, 1899, plaintiff was in the employ of an iron company. On May 17, he met with an accident which he alleged was due to the negligence of his employer. On June 24, the iron company executed a lease of all of its property to a steel company. This lease was dated May 25, 1899, and was acknowledged on June 26, 1899. On the latter date formal announcement was made that the steel company had taken the lease of the property of the iron company, and that the officers and employees of the iron company would be continued with the steel company. On June 30, the lease was recorded. The lease contained a provision that the transfer of the possession of property under it should be regarded as taking effect on May 1, 1899, and that all business transacted by the iron company on or after that date should be for and on account of the steel company. Plaintiff testified that the newspaper of the vicinity announced that the change would be made on the first of May, and also that he saw that the names on locomotives and on other places about the works had been changed about the first of May. Plaintiff sued the steel company and brought his action on August 14, 1900. *Held,* that a nonsuit was properly granted.

Argued Jan. 9, 1902. Appeal, No. 76, Jan. T., 1902, by defendant, from order of C. P. No. 1, Phila. Co., June T., 1900, No. 1165, refusing to take off nonsuit in case of Frank H. Wieder v. Bethlehem Steel Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BIDDLE, P. J.

The facts are stated in the opinion of the Supreme Court.

At the trial plaintiff was asked this question:

" Q. Very well, I will change the form of the question. When did your employment by the Bethlehem Iron Company cease and you become an employee of the Bethlehem Steel Company? A. On the last day of April, 1899, I ceased to be employed by the Bethlehem Iron Company, and on the first day of May, 1899, I went into the employment of the Bethlehem Steel Company by reason of a lease."

Mr. Johnson: I ask that that shall be stricken out. He says that on the last of April he went out of the employ of one company and went into the employ of another one by reason of a lease. I ask that that statement shall be stricken out because the witness cannot testify as to that.

The Court: No, he cannot testify as to that.

Defendant's motion allowed. Exception. [1]

" Q. Do you know that you were transferred as an employee by the Bethlehem Iron Company to the Bethlehem Steel Company in any way outside of the lease ? A. Yes, sir. I knew it before the time came. I knew it before the first day of May that I was going over, because all the papers of Bethlehem announced it."

Mr. Johnson: I ask that that be stricken out.

The Court: Motion allowed. Exception. [2]

" Q. What date do you refer to ? A. The first of May—the day that the papers announced that the change would take place."

Mr. Johnson: I ask that that be stricken out. Motion allowed.

" Q. On what date did the change take place ? A. May 1, 1899. Q. What other evidence did you see ? A. I saw the names on the locomotives changed from the Bethlehem Iron to that of the Bethlehem Steel Company."

Mr. Johnson: I object to the question, " What date did the change take place ? " and ask that the answer be stricken out.

Motion allowed. Exception. [3]

" Q. Were the names on anything about these works changed about the 1st of May, 1899, for the first time to indicate to you that there was a change of employer ? "

Objected to by Mr. Johnson. Objection sustained. Exception. [4]

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the order of the court refusing to take off nonsuit.

*George Demming*, for appellant.— If there is in any case any evidence, from which the fact sought to be proved has been shown, or may be fairly inferred, that is sufficient to send the case to the jury, and the court cannot decide the question as a matter of law : Kearney v. Central R. R. of N. J., 167 Pa. 362; Pinkerton v. Penna. Traction Co., 193 Pa. 229; Ray's Negligence of Imposed Duties, p. 547 ; Todd v. Phila. & Reading Ry. Co., 201 Pa. 558 ; Gabler's App., 5 Cent. Repr. 314 ; Greenawalt v. McEnelley, 85 Pa. 352; McNeilan's Est., 167 Pa. 473.

Where the employer changes, during the course of employment, and no specific notice or information is given to the employee as to such change, for an accident happening to himself the employee can sue the master by whose actions and circumstances he was induced, in good faith, to believe was his employer, and that master is estopped from denying the contrary : Smith v. Belshaw, 89 Cal. 427 (26 Pac. Repr. 843); Crusselle v. Pugh, 67 Ga. 430 ; Rummel v. Dilworth, 131 Pa. 509 ; Wharton on Negligence, sec. 214 ; Morgan v. Smith, 159 Mass. 570 (35 N. E. Repr. 101); Johnson v. Owen, 33 Iowa, 512 ; Hardy v. Del., L. & W. R. R. Co., 57 N. J. L 505 (31 Atl. Repr. 281); Del., L. & W. R. R. Co. v. Hardy, 59 N. J. L. 35 (34 Atl. Repr. 986); Jones v. Shafer Iron Co., 96 Mich. 98 (55 N. W. Repr. 684); Stables v. Eley, 1 C. & P. 614; Howard Express Co. v. Wile, 64 Pa. 201 ; Powles v. Hider, 88 Eng. Com. Law, 207 ; Fowler v. Lock, L. R. 7 C. P. 272; Venables v. Smith, L. R. 2 Q. B. Div. 279 ; King v. London Improved Cab Co., Ltd., L. R. 23 Q. B. Div. 281.

*John G. Johnson*, with him *W. E. Doster*, for appellee.—There was no testimony outside of what appeared from the lease and the evidence of the appellee's officers, that the steel company was in possession of the iron company's works, in which the injury occurred, antecedently to the accident.

All the evidence as to the corporation in charge of the works

at the time of the accident was uncontradicted and was that the works were in the possession of and were being operated by the iron company.

There was nothing in the lease which made the appellee responsible directly to .the appellant for a tort committed by the iron company.

It is thoroughly well settled in Pennsylvania that where the contract is for the benefit of the contracting parties, no third person can sue thereon : Blymire v. Boistle, 6 Watts, 182 ; Guthrie v. Kerr, 85 Pa. 303; Adams v. Kuehn, 119 Pa. 76 ; Freeman v. Penna. R. R. Co., 173 Pa. 274 ; Crown Slate Co. v. Allen, 199 Pa. 239 ; Brown v. German-American Title & Trust Co., 174 Pa. 443.

OPINION BY MR. JUSTICE POTTER, March 23, 1903 :

The plaintiff in this case was employed for several years by the Bethlehem Iron Company, at its works in the borough of South Bethlehem. In the spring of 1899, an impression became current in that community that on or about May 1, the plant of the Bethlehem Iron Company and the control and operation of its works would pass into the hands of another corporation, to be known as the Bethlehem Steel Company. The plaintiff never received any definite notice as to any such change upon the part of his employer, but was under the prevalent impression in that regard. He met with an accident upon May 17, 1899, which he alleged was due to the. negligence of his employer and under the belief that he was at the time of the accident in the employ of the Bethlehem Steel Company, he brought this action against it to recover damages for his injury.

At the trial the plaintiff offered in evidence a certified copy of the lease, between the Bethlehem Iron Company and the Bethlehem Steel Company, dated May 25, 1899, but not executed or acknowledged until June 24, and June 26, 1899.

At the close of the plaintiff's testimony, the trial judge held that the terms of the lease were controlling as to the date of the transfer between the two companies, and that from the lease itself and the evidence in the case, it appeared that on May 17, 1899, there had been no transfer whatever to the Bethlehem Steel Company. He therefore entered a judgment of compulsory nonsuit.

The first and principal error here assigned is the refusal of the court below to take off the judgment of nonsuit. ·Error is also assigned to the exclusion as testimony of the statements of the plaintiff, that he went into the employment of the Bethlehem Steel Company on May 1, 1899, by reason of the lease; that he knew that he was transferred as an employee from the iron company to the steel company upon that date, because the newspapers of Bethlehem announced the change would be made at that time; and for the further reason that he saw that the names on the locomotives and on other places about the works were changed about the first of May.

These statements were properly rejected. The opinion of the plaintiff with regard to the change in ownership was immaterial. His bare belief, with regard to the fact, even though founded upon reasonable cause, could not make the defendant liable. His first statement, which was stricken out, was based upon his own construction of the meaning and terms of the lease. There is no evidence to show that he ever saw the lease until long after the accident, and in any event its interpretation, and the effect to be given to it, were for the court.

In entering the judgment of nonsuit, the trial court was controlled by the fact that the lease was not executed for several days after the accident, and by the evidence of the officers of the steel company called by the plaintiff, from which it appeared that the steel company did not take possession of the works of the iron company until the final execution of the lease in the latter part of June.

It is undisputed that at the time when the accident occurred, the change was in contemplation, and had been for some time previous. Such a change, however, in so far as its physical aspect was concerned could not be made at once. The properties of a large plant were to be transferred, and the change in name upon signs here and there, and upon the stationery, was of no importance in so far as indicating the precise date of the transfer was concerned. That remains as a simple question of fact, and with respect to it, we can find nothing in the evidence from which it may be fairly inferred that the steel company were in control of the plant, or that plaintiff had entered into its employment at the time of the accident.

The testimony of the officers and directors of the steel com-

pany, who were examined by the plaintiff with regard to the execution of the lease, shows that it was not executed until after the day of its date, which was May 25.   Their testimony was also uniformly to the effect that the iron company continued to operate the plant until the execution of the lease.

The official notice of the change was issued upon June 26, 1899, in which it was announced that the Bethlehem Steel Company had taken the lease of all the property of the Bethlehem Iron Company, and that all officers, employees and agents of the iron company would be continued by the steel company, with their present powers and duties until further notice.

The lease itself had been placed of record in the recorder's office of Northampton county upon June 30, 1899, and was open to the inspection of the plaintiff.   He did not begin this action for more than a year thereafter.   If he was then in any doubt with regard to the identity of his employer at the time of the accident, it would have been but the part of ordinary prudence to have made inquiry as to the fact from the defendant company.   If he had done so, and had been misled in any way by the reply, the question of estoppel might have arisen. But he did not do this, and the defendant company was not bound to assume that he was ignorant of the true situation. The lease was a matter of public record, and there was no duty upon the part of the defendant company to volunteer further information to one who had the means of access to the record. The plaintiff had been for years in the employ of the Bethlehem Iron Company, and it is admitted that he had never received any notice, direct or indirect, from his employer, as to any change taking place.   He would therefore have been perfectly justified in assuming that no change had occurred at the time of the accident, and in holding the Bethlehem Iron Company responsible for any neglect of duty to him in the course of his employment at that time.

It is true that the twelfth clause of the lease provides that the transfer of the possession of property under it shall be regarded as taking effect on May 1, 1899, and that all business transacted by the said iron company on or after that date, shall be for and on account of the said steel company.   But this cannot be regarded as in any way shifting the liability of the iron company for a tort committed by it.   Nor did it relieve the

iron company of its primary responsibility for any act of negligence upon its part. It was nothing more than an agreement that as between the two companies, the rental accrued to the iron company from May 1, and the profits from the business went to the steel company from the same date, and that the latter company was bound to assume the obligations of the iron company and pay for all damages occasioned by the operation of the works after that date. This twelfth clause of the lease did not create any contractual relation of employer and employee between the plaintiff and the steel company. He remained in the employ of the iron company until the actual transfer occurred. If there was negligence resulting in injury to the plaintiff upon May 17, it was that of the iron company and was something for which it must respond directly in an action of tort.

We know of no authority which would justify the bringing of an action of tort against any other than the party which committed it. Agreements to indemnify against legal liability for the commission of a tort, are common; but the legal liability must be established by suit brought directly against the wrongdoer. We cannot find in this case anything more than the surmise of the plaintiff, to justify him in believing that any change in his employer had occurred at the date of the accident. For years previously he had been employed by the Bethlehem Iron Company. He had received no notice of any change. Why should he then assume the fact of a change? Had he made his claim against his old employer, everything would have favored the correctness of his assumption as to its liability. With his eyes open, and in the exercise of his own discretion, the plaintiff chose between the iron company and the steel company, and saw fit to make the latter defendant in this suit. The result was unfortunate, for the evidence failed to vindicate his choice. It was not shown that the steel company was his employer at the date of the accident, or that it owed him any duty at that time. Manifestly the wrong company was named as defendant.

The assignments of error are all overruled, and the judgment is affirmed.